LEMMON, Justice,
concurring in the denial of the application
Personal jurisdiction[1] is necessary for a court to render a valid support judgement, which is a personal judgment against the defendant. La. Code Civ. Proc. art. 6. See also Robert A. Casad, Jurisdiction in Civil Actions, § 2.04[2][e][i]. In this case, the Louisiana court does not have jurisdiction over the person of the husband. While consent may be a basis for jurisdiction over the person, see 2 Casad, § 9.02[4][a][ii], the husband did not consent to the court’s exercise of personal jurisdiction over him appearing in that court in an ancillary matter to contest the denial of visitation. The appearance was not voluntary, and a decision construing that appearance to constitute consent to the exercise of personal jurisdiction would encourage unscrupulous former spouses to deny visitation arbitrarily in order to obtain jurisdiction for support orders.

. Subject matter jurisdiction, incorrectly referred to by the lower courts, is not at issue here. The 24th Judicial District Court clearly had subject matter jurisdiction to adjudicate actions for child support.